Judge Underwood,
delivered the opinion of the court.
N. Sanders, in 1802, executed an ob» ligation to Scott conditioned to convey a certain par* rei of land •‘containing 76 acres.” In 1813, Scott executed a seperate obligation for the conveyance of the same tract to S. Bradley, who assigned the same (o F. Jones, who tiled a bill for a specific performance, and had it to the extent of 66 acres, and recov. ered against Scott compensation for the deficiency of 10 acres. Therefore Scott filed this bill to have a specific execution of his contract with Sanders, so far as it could be obtained, and compensation for (lie deficiency of the land. The court dismissed his bill with costs, and he has brought up the case for revision.
The bill states that Scott instituted suit against Sanders upon his bond, and recovered a judgment for §500 or §600, with which both parties were dissatisfied. Whereupon they agreed to compromise (he matter, and that it should rest and remain as it did before suit was brought, and (hat Scott would not claim a rescission of the contract, hut take a conveyance for that part of the land which was saved, and that Sanders should pay such damages as Scott had sustained by the loss of part of the land. It does not appear that (his agreement was reduced to writing. The record of the. suit instituted by Jones, and in which Sanders had been ordered to convey, was exhibited.
We are of opinion that the circuit court decided correctly in dismissing the bill. Scott was not entitled to any conveyance from Sanders. The bond of Sander*, merged in (lie. judgment which Scott obtained against him, for the non conveyance of the land. Tile parol agreement could not amount to a release of the judgment, or restore vitality to the bond. The record of the suit instituted by Jones, shewed that Sanders, by the commissioner appointed for thatpur-pose, had conveyed his title to Jones, and consequently could convey no title to Scott. It would have *507 been useless, therefore, to require Sanders to convey, as no title could pass by the deed, and if a title could have passed, it would then have been wrong to a conveyance, when a common law tribunal had redressed the injury resulting from the failure to convey. Surely Sanders is not bound to convey the land and pay damages for failing to convey, likewise. It may be urged that as Scott was required to convey to Jones, by deed with general warranty, the 66 acres, and to pay for the 10 acres, the residue of the 76, and ns Sanders was bound, by his bond, to convey to Scott with general warranty, that be, Sanders, should still be required to execute such a deed, in Order to secure Scott, in case the land should hereafter be recovered from Jones, inasmuch as Scott would then be liable upon his warranty, and that Sanders should likewise pay for the 10 acres.
Depew, for plaintiff; Monroe and Sanders, for de* fendants.
If Scott had not taken his redress at law, such a course would have been proper: But having done that, he has placed himself in an attitude where he has no right to ask the interposition of the chancellor. If Scott shall attempt to enforce the collection of the whole of his judgment at law, and Sanders’ representatives enjoin, because Scott’s vendee, Jones, ha3 obtained a conveyance for part of the land, it may then become a question, whether the court will not require them to warrant the title of the land conveyed to Jon.-s by a covenant with Scott, before giving thein^my kind of relief; and then likewise, the question may arise, whether Scott can collect any part of the judgment at law, on account of the loss of the 10 acres. This Iasi question might depend on the fact whether the sale was by the acre or in gross. But it is premature, now, to enter into a discussion and decision of these questions, and we shall abstain.
The demurrer to the bill was, in effect, disposed of by the dismissal with costs.and it would be useless to reverse for the purpose of remanding the cause, irs order that a more formal entry might be made on thje record.
Decree affirmed with costs.